UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON MIDDLETON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00825-JPH-MJD ) |
| DAVID Sgt., MORGAN Nurse, | ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jason Middleton is a former prisoner previously incarcerated at Plainfield Correctional Facility ("Plainfield"). He filed this civil action alleging Eighth Amendment conditions and deliberate indifference claims. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I.
Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
## The Complaint

Mr. Middleton names two defendants: (1) Nurse Morgan; and (2) Sergeant David. He seeks compensatory and punitive damages.

Mr. Middleton's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint alleges Mr. Middleton's cell was flooded with raw sewage on February 10, 2024. Dkt. 1 at 2. His water was turned off and workers were dispatched to his housing unit to clean the hallway, but they would not clean his cell. *Id.* Mr. Middleton informed Sgt. David, who told him the water would remain off for the whole weekend. *Id.* Later, Mr. Middleton slipped in the raw sewage and soiled himself. He told Sgt. David, who told him to "deal with it." *Id.* at 2-3.

The next day, Mr. Middleton again stopped Sgt. David and noted both his and his cell's condition and the lack of running water. Sgt. David told him that showers were the next day and "deal with it" again. *Id.* at 3. The next day, Mr. Middleton was denied a shower until 10:30 PM, leaving him covering in feces

2

for 48 hours. *Id.* On February 14, 2024, Mr. Middleton informed Lt. Arnold that his cell was still covered in raw sewage and that he had been denied cleaning supplies and she had staff clean the cell. *Id.*

Due to these conditions, Mr. Middleton developed a rash. *Id.* He began putting in medical requests immediately. *Id.* On February 22, 2024, he informed various staff members that he had not received any responses. *Id.* Nurse Savanah told him that she was not surprised because Nurse Morgan tears up the medical requests from Mr. Middleton's housing unit. *Id.* Mr. Middleton continued to inform various staff members, who said they would try to get him a medical appointment. *Id.* The next day, Nurse Savanah told him she tried but Nurse Morgan said no. Nurse Olivia and Nurse Jo also told Mr. Middleton that Nurse Morgan tears up the medical requests from his unit. As of May 2024, Mr. Middleton had still not been seen for the rash; it is now gone, but it left scarring.

Mr. Middleton is seeking both compensatory and punitive damages.

### III.
### Discussion of Claims

Mr. Middleton's Eighth Amendment deliberate indifference claim against Nurse Morgan and Eighth Amendment conditions claim against Sgt. David **shall proceed** as pleaded in the complaint. This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Middleton believes that additional claims were alleged in the

complaint, but not identified by the Court, he shall have **through December 20, 2024,** in which to file a motion to reconsider the screening order.

## IV.
## Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sgt. David and Nurse Morgan in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Defendant Nurse Morgan is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 11/21/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

5

Distribution:

JASON MIDDLETON
7120 West US 52
P.O. Box 12
Arlington, IN 46104

Electronic service to Indiana Department of Correction:
    Sgt. David
    (At Plainfield Correctional Facility)

Electronic service to Centurion:
    Nurse Morgan