UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00825-JPH-MJD |
| | ) | |
| DAVID Sgt., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DIRECTING ENTRY OF FINAL JUDGMENT

Plaintiff Jason Middleton filed this action while he was incarcerated at the Plainfield Correctional Facility. Dkt. 1. Defendants have filed a motion to dismiss for lack of prosecution. Dkt. [44]. For the reasons below, the motion is **granted**.

### I.    Factual and Procedural Background

Mr. Middleton filed this action on May 15, 2024, alleging that his cell was flooded with sewage on February 10, 2024, and the conditions persisted for 48 hours without the ability to clean his cell or shower. Dkt. 1, dkt. 13. Mr. Middleton alleges that he then developed a rash and, after he put in health care requests, was told that Nurse Morgan Daws[1] tears up the medical requests from his unit. Dkt. 1, dkt. 13. His complaint was screened, and he was allowed to proceed on an Eighth Amendment deliberate indifference claim against Nurse Daws and an Eighth Amendment conditions of confinement claim against Sgt. David. Dkt. 13.

---

[1] Mr. Middleton named "Nurse Morgan" as a defendant, dkt. 1, who has identified her name as Morgan Daws, dkt. 22.

1

Mr. Middleton was notified on May 17, 2024, of his obligation to report any change of address within ten days while this action remains pending. Dkt. 6. He was informed that if he was released from incarceration, he must also include a phone number at which he can be reached. *Id.* He was warned that if he "fails to keep the Court informed of his current address, [this] action may be subject to dismissal." *Id.* Mr. Middleton filed a notice of change of address noting his release from prison on August 26, 2024. Dkt. 11. After the complaint was screened and Defendants answered, the Court entered a pretrial scheduling order on February 19, 2025. Dkt. 28. This order reminded Mr. Middleton that he must report any change of address within ten days, and that if he did not do so, his case "may be subject for dismissal for failure to comply with Court orders and failure to prosecute." *Id.* at 6.

On September 15, 2025, Defendant David filed a motion to compel because he had not received responses to the discovery requests he sent to Mr. Middleton on May 5, or a letter seeking informal resolution sent on July 10. Dkt. 32. On September 17, Defendant Daws also filed a motion to compel because Mr. Middleton had not responded to discovery requests sent on July 29 or a letter seeking informal resolution sent on August 29. Dkt. 33. On September 19, Defendant David filed a notice that he had learned that Mr. Middleton had been housed at the Hancock County Jail since April 2025 and was re-sending his discovery requests to Mr. Middleton at the jail. Dkt. 34.

The Court then denied the motions to compel without prejudice because it appeared that Mr. Middleton did not receive Defendants' discovery requests.

2

Dkt. 35. The Court ordered Mr. Middleton to respond to Defendants' discovery requests and show cause in writing why this case should not be dismissed for failure to prosecute and failure to obey Court orders by October 22, 2025. *Id.* at 2. The Court warned that failure to do so would result in the dismissal of this case for failure to prosecute without further notice or opportunity to show cause. *Id.* at 3.

Mr. Middleton did not respond by October 22. Defendants both filed notices that Mr. Middleton did not respond to their discovery requests by the deadline. Dkts. 41, 44. Mr. Middleton instead filed a motion to appoint counsel and to change his address to the Hancock County Jail on November 21, seven months after he entered the jail. Dkt. 42.

On December 27, Defendants filed a joint motion to dismiss for failure to prosecute because they still had not received any discovery responses. Dkt. 44. Mr. Middleton did not respond. Instead, he filed two late responses about his discovery requests on December 29, and February 20, 2026. Dkts. 46, 47. In these responses, Mr. Middleton states that he responded to Defendant David's discovery requests but does not address whether he responded to Defendant Daws's discovery requests. Mr. Middleton did not respond to the order to show cause why his action should not be dismissed for failure to prosecute and failure to obey Court orders.

## II.    Discussion

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action or claim if a plaintiff fails to prosecute or comply with a court

3

order. "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Similarly, Federal Rule of Civil Procedure 37(b)(2)(A)(v) authorizes the Court to "dismiss[ ] the action or proceeding in whole or in part" for failure to provide discovery. Dismissal with prejudice is a drastic sanction that may be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003). "District courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'" *Id.* Relevant considerations include "'the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit.'" *Id.*

Dismissal with prejudice is warranted in this case. Mr. Middleton should have received Defendants' discovery requests in May and July 2025, but did not because he failed to follow Court orders to timely update his address. Defendants then resent the discovery requests in September 2025, and Mr. Middleton has filed several documents since then. *See* dkts. 42, 46, 47. This indicates that he had the ability to respond to Defendants' discovery requests, their motion to dismiss, and the Court's order to show cause. But he has not done so. Instead, he filed two brief untimely responses, which argue only that he responded to Defendant Davis's discovery requests. Dkts. 46, 47. Mr. Middleton did not show

4

cause in writing why this case should not be dismissed for failure to prosecute and failure to obey Court orders, as ordered. His responses also do not address that he failed to update his address with the Court after entering Hancock County Jail for seven months, well over the ten-day period to report a change of address that he had been advised of on two occasions.

In short, Mr. Middleton failed to respond to the discovery requests in a timely manner. Then, he again failed to respond to the discovery requests or the Court's show cause order by the imposed deadline. The Court warned Mr. Middleton that "**Failure to comply with this Order will result in the dismissal of this case for failure to prosecute without further notice or opportunity to show cause.**" *Id.* at 3 (emphasis in original). And, when Defendants moved to dismiss as a sanction for his noncompliance, he did not respond to their motion. Those actions have caused months of delay in the resolution of this case and prejudiced Defendants by depriving them of evidence they are entitled to seek. Mr. Middleton's actions in this case indicate that he is not likely to respond if given yet another opportunity.

"A district judge need not wait forever. Eventually a plaintiff's failure to cooperate in the prosecution of its own suit leads to dismissal." *FM Indus. v. Citicorp Credit Servs.*, 614 F.3d 335, 338 (7th Cir. 2010). Defendants' motion to dismiss is granted.

### III.   Conclusion

Defendants' motion to dismiss, dkt. [44], is **granted,** and this action is dismissed with prejudice for failure to prosecute and failure to comply with Court

orders. Plaintiff's motion to appoint counsel, dkt. [42], is **denied** because it does not address why he failed to update his address or respond to the Court's show cause order, or explain why the appointment of counsel would have been necessary for him to comply with those requirements. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 7/23/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON MIDDLETON
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140

All Electronically Registered Counsel